## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

### LETTER ORDER

April 22, 2015

*All counsel of record via ECF*

**Re:**   **Manny Film LLC v. John Doe Subscriber assigned IP address 69.115.108.188**
          **Civil Action No.: 15-1523 (JLL) (JAD)**

Counsel:

This will address Plaintiff Manny Film, LLC's ("Plaintiff's") unopposed motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference. (ECF No. 4-1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument. Upon careful consideration of the submissions, and for the reasons stated below, Plaintiff's motion is **GRANTED**, subject to certain restrictions set forth herein.

### I.    BACKGROUND

This action involves Defendant's alleged illegal distribution of Plaintiff's copyrighted work, namely the audiovisual work identified in Exhibit B to the Complaint[1] (hereinafter, the "Work"), on the Internet.

On March 2, 2015, Plaintiff filed a Complaint against "John Doe subscriber assigned IP address 69.115.108.188" ("John Doe Defendant"), asserting a claim for direct copyright

---

[1] Plaintiff alleges that it is the registered owner of each of the copyrighted audiovisual work identified in Exhibit B. (Compl., ECF No. 1, ¶ 3, Ex. B).

1

infringement. (Compl., ECF No. 1). Plaintiff alleges that John Doe Defendant used a file-sharing protocol called BitTorrent to illegally infringe Plaintiff's copyright in the Work. (Id. ¶ ¶ 18, 19). Plaintiff contends that the BitTorrent protocol functions by "break[ing] a [large] file into many small pieces. Users then exchange these small bits among each other instead of attempting to distribute a much larger digital file." (Id. ¶ 20). Each bit is assigned a unique cryptographic hash value, which the BitTorrent client software uses to coordinate the exchange of bits between users who are sharing the larger file in question. (Id. ¶ ¶ 22-23). Once a user downloads all of the bits comprising the file, the user's "BitTorrent client software reassembles the bits so that the file maybe opened and utilized." (Id. ¶ 21).

Plaintiff retained the company Excipio GmbH ("Excipio"), which established a "direct TCP/IP connection with Defendant." (Compl., ECF No. 1, ¶ 25). Excipio downloaded part of a "digital media file (the "Infringing File") from Defendant. The Infringing File is a copy of Plaintiff's Film." Plaintiff maintains that it did not authorize its copyrighted work to be distributed via the BitTorrent protocol. "Instead, the initial seeder illegally uploaded the work to BitTorrent and distributed it to numerous other individuals." (Id. ¶ 28). Plaintiff further alleges that "Defendant downloaded all the pieces of the Infringing File. Thereafter, Defendant's BitTorrent client assembled them into a viewable movie file." (Id. ¶ 29). Exicpio also downloaded and reviewed a full copy of the Infringing File. (Id. ¶ 30). Upon review, Excipio confirmed that the "Infringing File is identical, or substantially similar, to the corresponding original work." (Id.).

Given the anonymous nature of the alleged conduct at issue, Plaintiff has only been able to identify Defendant by his/her IP address. That IP address was assigned by Defendant's internet service provider ("ISP"), which, Plaintiff contends, can compare that IP address with its records to ascertain Defendant's identity. (Br. Supp. Mot, ECF No. 4-1, at 4). Plaintiff seeks to serve

2

Defendant's ISP with a subpoena directing it to disclose Defendant's true name and address. (Id. at 5). Plaintiff contends that it cannot establish Defendant's true identity without obtaining this information and would therefore not be able to "serve the Defendant nor pursue this lawsuit to protect its valuable copyrights." (Id.). Plaintiff also argues that ISPs may only maintain the necessary information for a short period of time, (id.), thereby inferring that this information may be lost if it does not act quickly.

## II.    LEGAL STANDARD AND ANALYSIS

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court, however, may grant leave to conduct discovery prior to that conference. See id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. See In re Bittorrent Adult Film Copyright Infringement Cases, No. 11-3995(DRH), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery regarding a John Doe defendant); Pacific Century Int'l. Ltd. v. Does 1-101, No. 11-2533, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D.

Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

This Court has previously applied the "good cause" standard to permit limited, early discovery under nearly identical circumstances. See Malibu Media, LLC. v. John Does 1-11, No. 12-7615 (CCC), 2013 U.S. Dist LEXIS 26217 (D.N.J. Feb. 26, 2013). In that case, the plaintiff sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendants' names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses. Id. at *3-4. This Court granted the plaintiff's request for early discovery, but only permitted the plaintiff to obtain the information absolutely necessary to allow it to continue prosecuting its claims: the defendant's name and address. Id. at * 3. The Court imposed that limitation due to concerns that the person whose information was on file with the ISP might not be the same person who engaged in the allegedly infringing activity (i.e., others, including persons outside of the household, may have been responsible), and because more expansive discovery could impose an undue burden on such innocent individuals. Id. at *9-11 (citing Third Degree Films, Inc. v. John Does 1-110, Civ. A. No. 2:12-cv-5817, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)). Other courts in this District have reached the same conclusion and have imposed similar limitations. See, e.g., Malibu Media, LLC v. Doe, No. 13-4660 (JAP) (DEA), slip op. (ECF No. 5) at 2 (D.N.J. Aug. 19, 2013) (limiting the scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); Voltage Pictures v. Doe, No. 12-6885 (RMB) (JS), 2013 U.S. Dist. LEXIS 155356, *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address and media control address associated with a particular IP address); Malibu Media, LLC v. John Does 1-18, No. 12-7643 (NLH) (AMD), 2013 U.S. Dist. LEXIS 155911, *9-10 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f) conference

4

subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail addresses).

Here, the Court finds good cause to permit limited discovery prior to the Rule 26(f) conference. Without information from the Defendant's ISP, Plaintiff will likely be unable to amend its Complaint to name the appropriate defendant, let alone effectuate service of that pleading. In essence, Plaintiff would be unable to litigate the sort of copyright violations at issue in this matter in any meaningful way. Moreover, while the Court recognizes that the subscriber whose information is on file with the ISP may not be personally responsible for the alleged infringement, he or she may have information that assists in identifying the infringer. The subscriber's identity is therefore relevant and discoverable under the broad scope of Rule 26. See Malibu Media, LLC v. Does, No. 12-07789 (KM) (MCA) 2013 U.S. Dist. LEXIS 183958, *24 (D.N.J. Dec. 18, 2013) ("The Court notes that it is possible that the Internet subscriber did not download the infringing material. It is also possible, however, that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. Accordingly, the Court finds that the information sought by the subpoena is relevant.").

While the Court finds that some early discovery is necessary to assist Plaintiff in identifying the individuals who are allegedly infringing its copyrights, the Court remains cognizant of the impact that the disclosure of the information Plaintiff seeks might have on an innocent subscriber. Malibu Media, 2013 U.S. Dist. LEXIS 26217 at *10. Moreover, even if the Court permits Plaintiff to obtain all of the expedited discovery it requests, that would not necessarily reveal the appropriate defendant's identity. It will, rather, only provide information regarding the ISP subscriber. Plaintiff would then have to determine whether that particular subscriber illegally distributed the copyrighted work. See Pac. Century Int'l Ltd. v. Does, C-11-02533 DMR, 2011

WL 5117424 (N.D. Cal. Oct. 27, 2011). In other words, Plaintiff will have to go beyond the "limited discovery" that it contends will reveal Defendant's identity. Id. The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in order to obtain Defendant's identity likely would outweigh Plaintiff's need for expedited discovery. Id. (citations omitted). The Court must therefore endeavor to fashion a remedy that will adequately protect all parties' rights. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *1, *13.

In light of the foregoing, the Court grants Plaintiff's motion, subject to certain limitations. Plaintiff may serve the Defendant's ISP with a subpoena pursuant to Federal Rule of Civil Procedure 45. That subpoena, however, may only seek the name and address of the subscriber (IP address 69.115.108.188) who shared the bits identified in Plaintiff's Complaint and the exhibits annexed thereto. Additionally, Plaintiff shall attach a copy of this Letter Order to the subpoena. Information obtained from the ISP shall only be used for the purposes of this litigation, and Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2]

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc:    Hon. Jose L. Linares, U.S.D.J.

---

[2] If Plaintiff seeks leave to file an Amended Complaint naming a specific defendant, then it shall ensure that it has a factual basis for the assertion that the proposed defendant engaged in the alleged infringement. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims.